[Cite as *State v. Cruz*, 2015-Ohio-3519.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No. WD-14-085

        Appellee                                 Trial Court No. 13 CR 493

v.

Anthony Cruz                                      **DECISION AND JUDGMENT**

        Appellant                                 Decided:  August 28, 2015

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney,
Gwen Howe-Gebers, Chief Assistant Prosecuting Attorney,
and David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I.        Introduction

{¶ 1} Appellant, Anthony Cruz, appeals the judgment of the Wood County Court of Common Pleas, sentencing him to five years in prison following the acceptance of his guilty plea to one count of illegal use of a minor in nudity-oriented material or performance.  We affirm.

## II. Facts and Procedural Background

{¶ 2} On September 19, 2013, appellant was indicted on two counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), felonies of the second degree. Appellant initially appeared at his arraignment and entered pleas of not guilty to the charges. However, following extensive plea negotiations with the state, appellant appeared before the court for a change of plea hearing on September 29, 2014, and entered a plea of guilty to one count of illegal use of a minor in nudity-oriented material or performance. At this time, the state offered the following factual basis to support appellant's guilty plea:

[H]ad this case proceeded to trial, the State of Ohio would have called the necessary witnesses from the Perrysburg Police Department who would have testified that as a result of information that they received a forensic analysis of the defendant's numerous mobile items, that being cell phones, iPhone, and other items were extracted from the defendant. As a result of that, there were items located on the phone wherein there were nude juvenile females who were located on the defendant's phone where they were either sent to him or he photographed and made those photographs and videos of those victims. That both victims being identified, both juvenile victims being identified, as being less than 18 years of age, all occurring in Perrysburg, Wood County, Ohio.

**{¶ 3}** The trial court accepted appellant's guilty plea, ordered the preparation of a presentence investigation report, and continued the matter for sentencing.

**{¶ 4}** Appellant's sentencing hearing was held on November 17, 2014. At the outset, the court held a sex offender classification hearing and appellant was classified as a tier II sex offender. The court then proceeded to sentencing. According to the sentencing entry, the court "carefully reviewed" the record, oral statements, the presentence report, appellant's relevant financial information, the purposes and principles of sentencing, and the relevant seriousness and recidivism factors. Additionally, the photographs for which appellant was convicted of the charged offense were presented at the sentencing hearing. Regarding the trial court's consideration of the relevant statutory sentencing guidelines, the sentencing entry states the following:

> The court noted that the overriding purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. The court further noted that in achieving those purposes, the sentencing court shall consider the need for: incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. The court further noted that a sentence must be commensurate with and not demeaning to the seriousness of the offender's

3.

conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

The court reviewed the seriousness and recidivism factors and considered that the victim suffered serious psychological injury as a result of the offense and the offender had a history of criminal convictions.

{¶ 5} Upon consideration of the foregoing, the court imposed a five-year prison sentence and ordered appellant to pay a $5,000 fine, along with all costs associated with the case. It is from this order that appellant now appeals, asserting the following assignment of error:

APPELLANT'S SENTENCE SHOULD BE VACATED DUE TO THE TRIAL COURT'S FAILURE TO COMPLY WITH THE SPECIFIC DIRECTIVES OF R.C. 2929.11 AND 2929.12.

### III.  Analysis

{¶ 6} In appellant's sole assignment of error, he argues that his sentence is contrary to law in that the trial court failed to comply with the statutory sentencing guidelines set forth in R.C. 2929.11 and 2929.12.

{¶ 7} We review felony sentences under the two-prong approach set forth in R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶ 8}** Here, appellant's argument is limited to the second prong of R.C. 2953.08(G)(2), namely that the sentence is contrary to law. Appellant concedes that his five-year sentence was within the permissible range for a felony of the second degree. However, he contends that the trial court failed to properly consider R.C. 2929.11 and 2929.12 in fashioning his sentence. More particularly, appellant argues that the presentation of the offending photographs at the sentencing hearing was unduly inflammatory. We disagree.

**{¶ 9}** In his appellate brief, appellant acknowledges that the photographs would have been admissible had the matter proceeded to trial. Further, reference to the photographs is conspicuously absent from the trial court's sentencing entry, in which it stated that it considered the relevant statutory factors in fashioning appellant's sentence. Moreover, the trial court's entry demonstrates compliance with the mandates of R.C. 2929.11 and 2929.12.

**{¶ 10}** R.C. 2929.11 states, in relevant part:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes

5.

of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 11} R.C. 2929.12 further requires a court to consider whether any aggravating or mitigating factors are present that would warrant a greater or lesser sentence. Relevant here, R.C. 2929.12 lists the following as an aggravating factor: "The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense."

{¶ 12} As noted above, the trial court expressly indicated its consideration of the overriding purposes of felony sentencing under R.C. 2929.11, as well as the seriousness

6.

and recidivism factors under R.C. 2929.12. Regarding the seriousness and recidivism factors, the court found that appellant's conduct caused serious psychological harm to the minor victims. Thus, we conclude that the trial court complied with the mandates of R.C. 2929.11 and 2929.12. We further find no evidence to support appellant's assertion that the trial court was unduly influenced by the presentation of the photographs at the sentencing hearing. Therefore, we find that appellant's sentence was not contrary to law.

{¶ 13} Accordingly, appellant's sole assignment of error is not well-taken.

### IV.  Conclusion

{¶ 14} Based on the foregoing, the judgment of the Wood County Court of Common Pleas is affirmed. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                      _____
JUDGE

Arlene Singer, J.

_____
Stephen A. Yarbrough, P.J.                          JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.